CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 13 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| RMA LUMBER, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> PIONEER MACHINERY, LLC, ET AL., <br><br> *Defendants.* | CIVIL ACTION No. 6:08-CV-00023 <br><br><br> MEMORANDUM OPINION <br><br><br> HON. NORMAN K. MOON |

This matter is before the Court upon consideration of the motions filed by Plaintiff RMA Lumber, Inc. ("RMA") to amend its complaint (docket no. 51) and to stay summary judgment proceedings (docket no. 53) regarding the motion for summary judgment filed by Defendant Peterson Pacific Corp. ("Peterson"). For the reasons stated herein, I will grant both motions.

I.

The facts of this case are set forth in the memorandum opinion and order entered on October 24, 2008, wherein I denied the motion to dismiss filed by Defendant Pioneer Machinery, LLC ("Pioneer"). The pretrial order entered on September 2, 2008, referred nondispositive pretrial motions and issues in the case to United States Magistrate Judge Michael F. Urbanski, pursuant to 28 U.S.C. § 636(b)(1)(A). On May 19, 20098, Peterson filed a motion for summary judgment. On June 4, 2009, Pioneer filed a motion for summary judgment. A hearing on the motions for summary judgment is presently scheduled for July 16, 2009. On July 2, 2009, Plaintiff filed a response to Pioneer's motion for summary judgment, but Plaintiff has filed no response to Peterson's motion for summary judgment.

Plaintiff filed its motion to amend on June 29, 2009, and on June 30, 2009, Peterson filed a notice of its objections to the motion to amend. Plaintiff filed its motion to stay summary judgment proceedings on June 30, 2009; on July 8, 2009, Peterson filed its response in opposition to the motion to stay summary judgment proceedings.

Discovery matters have been protracted in this case. On May 21, 2009, Judge Urbanski conducted a hearing regarding Plaintiff's motion to compel production of documents and Peterson's motion for a protective order and to stay discovery until after the Court ruled on Peterson's motion for summary judgment (filed on May 19, 2009). In his order of May 21, 2009, granting Plaintiff's motion and denying Peterson's motion, Judge Urbanski observed that, in response to Plaintiff's document requests, Peterson had "produced a limited number of documents, subject to wide ranging objections." Judge Urbanski determined that,

> [a]fter hearing argument of counsel, it is plain that only limited discovery has taken place in this case. The issues in this case are substantial as the machine itself cost roughly $650,000 and the damages claimed approach $2 million. While three persons associated with plaintiff have been deposed, plaintiff has not been able to take any depositions.
>
> Given the magnitude of this case, the limited discovery that has taken place to date, and considering the arguments of both sides, it is clear that the plaintiff has not had a sufficient opportunity to engage in discovery, which it should be able to do before the court considers Rule 56 motions. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (declaring that the plain language of Rule 56(c) requires the entry of summary judgment only after an adequate opportunity for discovery); Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) (noting that before a decision can be made regarding summary judgment, both parties must have had ample opportunity for discovery).

Accordingly, Judge Urbanski ordered as follows:

> 1. Plaintiff's Motion to Compel Production of Documents is **GRANTED**. Peterson's objection to production of documents beyond those concerning the specific Recycler sold to RMA is **OVERRULED**. Peterson is required to produce documents responsive to RMA's document requests concerning the entire 6700B product line. Specifically, RMA is entitled to

Case 6:08-cv-00023-NKM-mfu Document 59 Filed 07/13/09 Page 2 of 8 Pageid#: 915

discover documents concerning the design, manufacture and sale of the 6700B Recycler in any way pertaining to the speed, capacity and capabilities of the discharge conveyor. Such documents to be discovered include documents concerning any problems, complaints, retrofits, modifications, Temporary Manufacturing Deviations, Service Bulletins, or otherwise pertaining to the discharge conveyor or its motor. Such documents would include any documents concerning clogging of the discharge conveyor or issues related to the power of its motor.

    2.    Defendant Peterson's Motion for Protective Order and to Stay Discovery is **DENIED**. Because of the wide ranging nature of the objections to RMA's document requests, RMA has no way of ascertaining whether all responsive documents have been produced to date. Moreover, while defendants have had the opportunity to depose representatives of plaintiff, Peterson seeks to cut off discovery before the first defense witness is sworn. RMA will be allowed to depose both Peterson and Pioneer on the issues relevant to this case before the court considers summary judgment.

    3.    The discovery schedule in this case is amended to allow RMA to take a Rule 30(b)(6) deposition of Peterson on issues relevant to this case as well as the depositions of Jim Pryor, Glenn Bittrolf and Tom Le. Likewise, RMA will be allowed to take reasonable discovery depositions of Pioneer. Such depositions should be scheduled expeditiously and taken so as not to interfere with the current trial date in this case.

Plaintiff contends, and Defendants do not dispute, the following: that Peterson produced its second supplemental response to Plaintiff's request for the production of documents on June 2, 2009, and that Plaintiff received the supplemental production on June 3,2009; that the depositions of Tom Le, Jim Prior, Glenn Bittrolf, and an unspecified corporate representative of Peterson were taken on June 11, 2009; and that "the depositions of Wiltshire and Tulloh were taken on June 25, 2009."[1]

---

[1] Pioneer's memorandum in support of its motion for summary judgment identifies Richard Wiltshire as a salesman for Pioneer. A more specific reference in the record to David Tulloh is not readily discernible. Given that Tulloh's name is first mentioned in reference to depositions that were taken prior to Judge Urbanski's hearing and subsequent order, and that Peterson had refused at that point to schedule any depositions, it is implicit that Tulloh is or was an employee of Pioneer. Plaintiff's motion to amend states that, "[b]y agreement of counsel, the depositions for Wiltshire and Tulloh were postponed pending the motion to compel and resulting supplemental document production."

Case 6:08-cv-00023-NKM-mfu   Document 59   Filed 07/13/09   Page 3 of 8   Pageid#: 916

## II.

The pretrial order entered in this case on September 2, 2008, provides that "[t]he court shall consider a party's motion to amend the pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure. Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order." Leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]f the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." 6 Charles Alan Wright, et al., *Federal Practice and Procedure: Civil* § 1487 (3d ed.1998) (citations omitted). In exercising its discretion regarding leave to amend, a court "should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Given that the amended complaint winnows the counts against Pioneer to a single count of constructive fraud (which was pleaded in the original complaint), Pioneer cannot claim that it will be prejudiced by permitting the amendment. Nor can Peterson in good faith contend that it will be prejudiced by permitting the amendment. The documents and testimony upon which the amendments against Peterson are based rely upon information that has been in Peterson's possession for the duration of the lawsuit. Any delay in the filing of the amendments against Peterson is attributable, at least in part, to Peterson's actions in resisting discovery. It is clear that, upon the receipt of the ordered document production and the completion of the ordered depositions, Plaintiff filed its amended complaint within two business days. This suggests an absence of bad faith on Plaintiff's part, given its punctuality in amending. Plaintiff contends

Case 6:08-cv-00023-NKM-mfu Document 59 Filed 07/13/09 Page 4 of 8 Pageid#: 917

(and the amended complaint supports this contention) that, until the completion of discovery, it could not in good faith file an amended complaint. I add that the amended complaint apparently streamlines the remaining issues, which does not prejudice Defendants and indicates no bad faith on Plaintiff's part.

Nor, apparently, is the amended complaint futile. Courts have often held that "if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile." *Id.* (citations omitted); *see also Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir.1995) ("[T]he district court was justified in denying Mrs. Perkins' motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss"). Accordingly, in determining whether the proposed amendments would be futile, the court should apply the standard used to decide a motion to dismiss under Rule 12(b)(6). The court must accept all allegations in the amended complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The court, however, "need not accept the legal conclusions drawn from the facts, and we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)) (internal quotations omitted). Plaintiffs must allege facts in the amended complaint that "state a claim to relief that is plausible on its face" and that "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As I have already observed, the original complaint withstood a motion to dismiss. The amended complaint arises out of the same set of facts originally pleaded; it simply conforms

Case 6:08-cv-00023-NKM-mfu Document 59 Filed 07/13/09 Page 5 of 8 Pageid#: 918

better to the evidence. Given that the amended complaint states that Peterson actually knew of the defects before Plaintiff purchased the grinder from Pioneer, the dealer, and that Peterson failed to notify its dealers so that they could warn prospective customers, the amended complaint simply corrects the original complaint's assertion that Pioneer "had been notified by Peterson of the defect and had been provided by Peterson with a kit to retrofit the Equipment in such a manner as to cure the defect." I have already upheld Plaintiff's claim of constructive fraud at the motion to dismiss stage. The claim for breach of express warranty is a well-recognized contract action, arising out of the same set of facts originally pleaded. *See, e.g., Wal-Mart Stores, Inc. v. J.A. Fielden Co., Inc.*, 440 F. Supp.2d 523 (W.D. Va. 2006). The count for failure of consideration arises out of the same set of facts originally pleaded, and is recognized under Virginia law as a "remedy for non-performance" or "ground for rescission of a contract." *See, e.g., Andrews v. Sams*, 233 Va. 55, 59 (1987) (quotations omitted). Similarly, the count for failure to warn is recognized in Virginia. *Rash v. Stryker Corp.*, 589 F. Supp. 2d 733 (W.D. Va. 2008); *Island Creek Coal Co.*, 832 F.2d at 280-81.

Accordingly, Plaintiff's motion for leave to file an amended complaint will be granted, and the amended complaint will be filed.

### III.

Judge Urbanski's order explicitly "amended" the discovery deadlines in this case. Upon the completion of discovery, Plaintiff immediately filed a motion for leave to amend and a proposed amended complaint. The amended complaint dismisses all counts against Pioneer with the exception of a single count of constructive fraud, and there have been no discovery disputes regarding Pioneer. Plaintiff has filed a response to Pioneer's motion for summary judgment, to

which Pioneer has filed a reply. The hearing regarding Pioneer's motion for summary judgment will take place as scheduled on July 16, 2009.

Regarding Peterson, however, discovery was not completed until near the end of June. Peterson filed its motion for summary judgment on May 19, 2009, but Judge Urbanski's order regarding the discovery matters was not issued until May 21, 2009. The last deposition was taken on June 25, 2009, and Plaintiff filed the pending motions on June 30, 2009. Given that parties are entitled to an ample opportunity for discovery before proceeding to the summary judgment stage, and given that the amended complaint has the effect of mooting Peterson's pending motion for summary judgment[2], I will stay consideration of Peterson's pending motion. Plaintiff and Defendant Peterson will be directed to confer immediately with Judge Urbanski in an attempt to establish a summary judgment briefing schedule that will permit the matter to be fully briefed and submitted for decision prior to the commencement of the jury trial in this matter, which is currently scheduled for August 24, 2009. If the parties are unable to timely submit the matter, then the parties must agree to a postponed trial date.

## IV. CONCLUSION

For the heretofore stated reasons, I will grant Plaintiff's motions to amend its complaint (docket no. 51) and to stay proceedings (docket no. 53) regarding the pending motion for summary judgment filed by Peterson.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

---

[2] The amended complaint removes the sole count against Peterson in the original complaint, for breach of the implied warranty of merchantability, and adds counts for breach of express warranty, rescission, and failure to warn.

Case 6:08-cv-00023-NKM-mfu Document 59 Filed 07/13/09 Page 7 of 8 Pageid#: 920

Entered this 13th day of July, 2009.

                                                                                           NORMAN K. MOON
                                                                                         UNITED STATES DISTRICT JUDGE